UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONTIE S. MITCHELL, and those similarly situated,

        Plaintiffs,

 v.                 9:19-CV-0718
                        (MAD/ML)

ANTHONY J. ANNUCCI, et. al.,

        Defendants.

---

APPEARANCES:

DONTIE S. MITCHELL
98-A-0071
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I. INTRODUCTION**

Pro se plaintiff Dontie S. Mitchell ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). In a Decision and Order filed on July 18, 2019 (the "July Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 12. Based upon that review, the Court directed

1

defendants Anthony Annucci ("Annucci"), Jeff McKoy ("McKoy"), Christopher Miller ("Miller"), and David Barringer ("Barringer") to respond to Plaintiff's First Amendment claims related to freedom of association.[1] *Id*. In the July Order, the Court denied Plaintiff's motions for preliminary injunctive relief and the appointment of counsel. *Id*.

Presently before the Court is Plaintiff's motion for reconsideration of the portion of the July Order that denied Plaintiff's motion for injunctive relief. Dkt. No. 14 and 16, 18, and 19 (submissions in support). Plaintiff also filed a second motion for the appointment of counsel. Dkt. No. 21 and 22, 23, and 24 (submissions in support).[2]

## II. DISCUSSION

### A. Motion to Reconsider

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10–CV–1260, 2011 WL 4566290, *2 n. 6 (N.D.N.Y. Sept. 29, 2011). " 'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.' " *Id*. (quoting *C–TC 9th Ave. P'ship v. Norton Co.* (*In re C–TC 9th Ave. P'ship* ), 182 B.R. 1, 2 (N.D.N.Y. 1995) ). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the

---

[1] On July 19, 2019, summonses were issued and acknowledgments of service have been filed. Dkt. Nos. 13, 15, 17, 22. Defendants' answers are due on September 20, 2019. *Id.*

[2] Defendants take no position on the motions.

availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.' " *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. While Plaintiff disagrees with the July Order, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). At best, Plaintiff seeks to relitigate issues already decided. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Plaintiff's motion for reconsideration (Dkt. No. 14) is denied.

### B.    RENEWED MOTION FOR COUNSEL

Plaintiff renews his motion for the appointment of counsel arguing that he has "very little time to go to the law library to do all the research and typing[.]" *See* Dkt. No. 23. Plaintiff claims he is a "full time college student," prosecuting four legal matters, and attending

"mandatory anger management classes." *See id.* Plaintiff seeks assistance to prepare an amended complaint and obtain a preliminary injunction. *See* Dkt. No. 21.

As discussed in the July Order, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

In the July Order, the Court weighed the above factors and determined that appointment of counsel was not warranted at that time. Dkt. No. 12. With consideration of the factors outlined in the July Order, the Court finds no change of circumstances that would warrant appointment of counsel. Plaintiff is a frequent litigator in the courts of New York and

4

has demonstrated that he is capable of presenting his case. *See Terminate Control Corp.*, 28 F.3d at 1341. This case does not involve complex legal issues and nothing indicates that Plaintiff is unable to investigate the facts alleged. *See id.* Finally, Plaintiff has not identified any special reason why the appointment of counsel at this stage would be more likely to lead to a just determination. *See id.* Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice. If this case survives summary judgment, the Court will likely appoint trial counsel.

Consequently, Plaintiff's renewed motion for counsel is denied.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Plaintiff's second motion for counsel (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 30, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge