UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONTIE S. MITCHELL,

                                       Plaintiff,

   v.                                                            9:19-CV-0718
                                                                       (MAD/ML)

ANTHONY J. ANNUCCI, et. al.,

                                         Defendants.
_____

APPEARANCES:

DONTIE S. MITCHELL
98-A-0071
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. LETITIA JAMES                    HELENA O. PEDERSON, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

     Pro se plaintiff Dontie S. Mitchell ("Plaintiff") commenced this action by filing a Complaint asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").

1

By Decision and Order filed July 18, 2019 (the "July Order"), this Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A and directed defendants Anthony Annucci ("Annucci"), Jeff McKoy ("McKoy"), Christopher Miller ("Miller"), and David Barringer ("Barringer") to respond to Plaintiff's First Amendment claims related to freedom of association. Dkt. No. 12. The Court dismissed the following claims, without prejudice: (1) First Amendment Free Exercise and RLUIPA claims related to Plaintiff's religious freedom; (2) First Amendment claims related to the right to petition; (3) First Amendment retaliation claims; and (4) claims related to the "unwritten" social media ban. *Id*. In the July Order, the Court denied Plaintiff's motions for preliminary injunctive relief and for the appointment of counsel. *Id*.

On August 1, 2019, Plaintiff filed a motion to reconsider the portion of the July Order that denied his request for injunctive relief and a second motion for counsel. Dkt. Nos. 14 and 21. In a Decision and Order filed on August 30, 2019 (the "August Order"), the Court denied Plaintiff's motions. Dkt. No. 27.

On September 20, 2019, Defendants filed an Answer. Dkt. No. 30. The Court issued a Mandatory Pretrial Discovery and Scheduling Order directing the parties to amend pleadings on or before January 2020. Dkt. No. 31.

Currently before the Court are the following motions: (1) Plaintiff's motion to file an Amended Complaint, as of right; (2) Plaintiff's third motion for counsel; (3) Plaintiff's motion to reconsider the August 2019 Order; (4) Plaintiff's motion for depositions and the appointment of an expert; and (5) Plaintiff's renewed motion for a temporary restraining order. Dkt. Nos. 29, 32, 33, and 37. Defendants oppose Plaintiff's motion for preliminary injunctive relief and

for the appointment of counsel, but take no position on the remaining motions.[1] Dkt. No. 43.

## II. MOTION TO AMEND

The Amended Complaint (Dkt. No. 37-1 "Am. Compl.") was filed, as of right, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Accordingly, leave of court is not required and Plaintiff's motion is denied, as moot. The Court will review the Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim was discussed at length in the July Order and will not be restated here. *See* Dkt. No. 12 at 3-5. Taking into account Plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### A. Summary of Amended Complaint

In the Amended Complaint, Plaintiff realleges the following previously dismissed claims against Annucci, McKoy, Miller, Barringer, and Elmi: (1) "class action" allegations; (2) First Amendment Free Exercise and RLUIPA claims related to Plaintiff's religious freedom; (3) First Amendment claims related to the right to petition; (4) First Amendment retaliation claims; and (5) claims related to the "unwritten" social media ban. *See generally*, Am. Compl. Plaintiff also asserts claims against new defendants: Deputy Superintendent of Programs at Great Meadow C.F., Phil Melecio ("Melecio") and Sergeant Reynold

---

[1] On November 27, 2019, Plaintiff filed a motion to compel Defendants to respond to his discovery demands. Dkt. No. 50. That motion is not addressed herein.

("Reynold").² *See id*. at 3. The Amended Complaint includes no new factual allegations against Defendants and the allegations are substantially the same as those in the Complaint reviewed in the July Order. *Compare* Compl. *with* Am. Compl. Additionally, the Amended Complaint contains the same requests for relief. *See id.*

### B. Analysis of Claims

#### 1. Freedom of Association

As a result of the review of the original Complaint, the Court directed Annucci, Miller, McKoy, and Barringer to respond to Plaintiff's First Amendment freedom of association claims. *See* Dkt. No. 12 at 9. These claims are repeated and realleged in the Amended Complaint and thus, survive review as well.

In the Amended Complaint, Plaintiff includes new First Amendment freedom of association claims against Melecio. Plaintiff alleges that Melecio "recommended" that McKoy deny Plaintiff's request to form a prison chapter of UFD at Great Meadow C.F. *See* Am. Compl. at 16-17. While Plaintiff alleges that Melecio was the Deputy Superintendent of Programs at Great Meadow C.F. who preceded Barringer, *see* Am. Compl. at 3, the Complaint does not contain any facts related to when Melecio was employed at Great Meadow C.F. or any other facts connecting Melecio to Plaintiff and his request to form the UFD. As presently constituted, the facts in the Amended Complaint do not plausibly suggest that Melecio was personally involved in any alleged constitutional deprivation. Accordingly, Plaintiff's First Amendment claims against Melecio are dismissed for failure to state a claim.

#### 2. First Amendment Religious Claims, RLUIPA claims, and Right to Petition

---

² The Clerk of the Court is directed to add these defendants to the docket report for this action.

4

Upon review, and as discussed at length in the July Order, the Court concluded that Plaintiff's First Amendment religious claims and RLUIPA claims did not survive initial review because (i) the Complaint alleged no facts which would allow the Court to determine that Plaintiff's inability to proselytize about Shetaut Neter placed a substantial burden on his religion; and (ii) Plaintiff failed to plead facts suggesting that he sought to maintain his long hair in braids as part of his religious expression or beliefs. *See* Dkt. No. 12 at 12-13. The Court also dismissed Plaintiff's First Amendment freedom of petition claims because inmates do not have a constitutional right to access an internal grievance process or procedure. Id. at 14.

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to remedy the pleading deficiencies identified in the July Order. The Amended Complaint includes no new factual allegations against Defendants; indeed, the allegations are substantially the same as those in the Complaint reviewed in the July Order.

As a result, the Court finds that Plaintiff has not alleged facts in the Amended Complaint which plausibly suggest that his rights under RLUIPA or his First Amendment religious rights or right to petition were violated. As a result, and for the reasons set forth in the July Order, these claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 3. Retaliation Claims

The law related to retaliation claims was discussed at length in the July Order and will not be restated herein. *See* Dkt. No. 12 at 15-18. In the July Order, the Court dismissed Plaintiff's claim that Miller, Barringer, and Elmi retaliated against Plaintiff when they refused

5

to allow him to organize the UFD, participate in the inmate grievance process, and failed to select him for the Shetaut Neter study group. *See id.* at 16. The Court found that aforementioned conduct did not constitute "adverse action sufficient to garner constitutional protection," and further, that Plaintiff failed to plead that he engaged in protected conduct that was causally related to the aforementioned actions. *See id.* at 16-17. The Court also dismissed the claim that Annucci allowed a systematic policy and custom of retaliation with threats and harassment since 2016 due to Plaintiff's failure to identify the individual(s) who threatened and harassed him. *See id.* at 18.

In the Amended Complaint, Plaintiff realleges his retaliation claims against Miller, Barringer, Elmi, and Annucci without any additional factual allegations. Therefore, for the reasons set forth in the July Order, the retaliation claims against the aforementioned Defendants are dismissed.

In the Amended Complaint, Plaintiff asserts a new retaliation claim against Reynold. *See* Am. Compl. at 22. Plaintiff claims that, on September 3, 2019, Reynold ordered Plaintiff out of line and into the "sergeant's bunker" where Reynold "yelled and screamed at [Plaintiff]" for writing a letter to "a captain" with "suggestions" regarding prisoner telephone access. *Id*. at 22. Reynold threatened Plaintiff and ordered two corrections officers to "ransack" Plaintiff's property. *Id*. The officers scattered his property onto the floor and broke his typewriter and fan. *Id*. After the incident, Plaintiff's "walkman" was missing. Am. Compl. at 22.

Conclusory statements, unsupported by specific facts, are insufficient to state a claim for retaliation. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983), *overruled on other*

6

*grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The pleading lacks facts related to when the letter as sent, the identity of the "captain" to whom the letter was addressed, and facts connecting Reynold to the letter. In this Circuit, "it is difficult to establish one defendant's retaliation for complaints against another defendant." *Guillory v. Ellis*, No. 11-CV-600, 2014 WL 4365274, at *18 (N.D.N.Y. Aug. 29, 2014) (collecting cases). Plaintiff has not explained why Reynold would be motivated to retaliate against him due to his "suggestions" about prisoner telephone use.

Consequently, Plaintiff's retaliation claim against Reynold is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. "Unwritten" Social Media Ban

In the July Order, Court dismissed Plaintiff's First Amendment claims based upon the social media ban reasoning that Plaintiff did not plead facts suggesting that he suffered an "actual injury," and thus, lacks standing to challenge the ban. Dkt. No. 12 at 19.

In the Amended Complaint, Plaintiff attempts to correct the deficiencies addressed in the July Order and claims that while he was confined at Upstate Correctional Facility in 2014 and Elmira Correctional Facility in 2016 and 2017, the mail room staff confiscated Facebook materials mailed to him. Am. Compl. at 23. Plaintiff further alleges that he wrote a grievance related to the issue and, since that time, he has not received social media materials. *Id*.

Despite being given an opportunity to amend, the claims related to an "unwritten" social media ban are insufficiently pled. Plaintiff has not pled facts suggesting that any of the named Defendants were personally involved in the decision to confiscate Facebook materials

7

in 2016 and 2017 or decisions related to his grievance about social media. Indeed, Plaintiff has not alleged when he filed a grievance related to the "ban" or where it was filed. Moreover, while he claims he has not received "social media materials" "[s]ince that time" due to the "ongoing policy banning such materials," the Amended Complaint is devoid of any facts related to the alleged "ongoing policy" including what materials were denied, when and how frequently materials were withheld, and who made the decision to deny Plaintiff the materials.

Accordingly, Plaintiff's claims related to the "unwritten" social media ban are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 5. Requests for Relief

The original Complaint and Amended Complaint contain the same requests for relief. *Compare* Compl. *with* Am. Compl. For the reasons set forth in the July Order, Plaintiff's requests for injunctive relief and monetary damages for claims related to the Free Exercise Clause, RLUIPA, the right to petition and retaliation are dismissed. *See* Dkt. No. 12 at 22. At this juncture, Plaintiff may proceed with his request for injunctive relief as it pertains to his First Amendment freedom of association claim. *See id.* at 23.

### C. Class Action Claims

In the July Order, the Court denied Plaintiff's motion to certify a class. *See* Dkt. No. 12 at 29-30. With the Amended Complaint, Plaintiff asserts claims on his behalf and on behalf of "those similarly situated." *See* Am. Compl. at 1, 3-14.

It is well settled that a class action cannot be maintained by a pro se litigant since

8

non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, No. 07-CV-1719, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998); 28 U.S.C. § 1654. Since the named plaintiff is not an attorney, he cannot bring claims on behalf of other litigants or prisoners.[3]

### III. MOTION FOR COUNSEL

Plaintiff moves for counsel, for a third time. Plaintiff seeks "class counsel" claiming that counsel is necessary "to pursue class certification[.]" Dkt. No. 37 at 2. It is not clear whether Plaintiff seeks counsel under Federal Rule of Civil Procedure 23(g)(1) or 28 U.S.C. § 1915(e)(1). In any event, the Court finds appointment is not appropriate under either provision.

Federal Rule of Civil Procedure 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." This rule contemplates appointment of class counsel from among the lawyers representing the members of the class after the class is certified. *See Ayazi v. New York City Bd. of Educ.*, Nos. 98-CV-7461 and 08-CV-2456, 2010 WL 4789403, at *1-2 (E.D.N.Y. Nov. 17, 2010) (Rule 23(g)(1) does not provide for appointment of class counsel to represent a pro se plaintiff before class certification has taken place). Accordingly, Rule 23(g)(1) does not provide for appointment of class counsel to represent a pro se Plaintiff before class certification has taken place.

The court also finds that appointment of counsel under 28 U.S.C. § 1915(e)(1) is not

---

[3] Plaintiff does not seek class certification. Dkt. No. 37 at 2.

warranted. As discussed in prior Orders, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).

In Decision and Orders filed in July 2019 and August 2019, the Court weighed the above factors and determined that appointment of counsel was not warranted at that time. Dkt. Nos. 12, 25.

The Court reiterates that the relevant factors weigh decidedly against granting Plaintiff's motion at this time. First, the case does not present novel or complex issues. Second, it appears that, to date, Plaintiff has been able to effectively litigate this action. Indeed, Plaintiff has submitted an original Complaint; an Amended Complaint; and filed multiple motions. The Court also notes that if this case survives any further dispositive motions filed by Defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference. Finally, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. Moreover, Plaintiff's third request for counsel is not accompanied by

documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp.*, 28 F.3d at 1341; *Cooper*, 877 F.2d at 174.

For these reasons, Plaintiff's motion for the appointment of counsel is denied. Plaintiff may only file another motion for appointment of counsel if he can show a change in circumstances that would require reconsideration of the above, or should this case proceed to trial, at the time of trial.

## IV.  MOTION FOR RECONSIDERATION

The law related to motions for reconsideration was discussed in the August Order and will not be restated herein. *See* Dkt. No. 27 at 2-3. Plaintiff seeks reconsideration of the portion of the August Order that denied his first motion to reconsider the July Order. Dkt. No. 29.

Plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, the availability of new evidence not previously available, nor has he articulated any clear legal error. While Plaintiff disagrees with the August Order, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already

considered and rejected"). Therefore, Plaintiff's motion for reconsideration (Dkt. No. 29) is denied.

## V. MOTION FOR DEPOSITIONS

Plaintiff seeks an Order from the Court allowing him to take the depositions of nine prisoners. Dkt. No. 32 at 1.

A litigant, even if granted in forma pauperis ("IFP") status, does not have a right to conduct a deposition without bearing (1) the cost of a deposition stenographer (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts. *Koehl v. Greene*, 9:06-CV-0478 (LEK/GHL), 2007 WL 4299992, at *3-4 (N.D.N.Y. Dec. 6, 2007). Unless and until plaintiff-an incarcerated, pro se litigant who has been granted IFP status-can establish that he is in a position to bear those costs and otherwise meet the procedural requirements for conducting a deposition under the Federal Rules of Civil Procedure, the Court will not consider a motion for leave to conduct the requested depositions. Accordingly, Plaintiff's motion is denied.

## VI. MOTION FOR EXPERT

Pursuant to Federal Rule of Evidence 706, a court may, on its own motion or on a motion by any party, appoint an expert witness. "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Benitez v. Mailloux*, No. 9:05-CV-1160 (NAM/RFT), 2007 WL 836873, at *1 (N.D.N.Y. Mar. 15, 2007) (citations omitted). "The Court should also bear in mind the substantial expense that

defendants may have to bear if the Court appoints an expert in a case where, as in this action, one of the parties is indigent." *Muhammad v. Wright*, No. 08-CV-473, 2011 WL 1458064, at *2 (W.D.N.Y. Apr. 15, 2011) ("Given the large number of cases involving indigent prisoners, and the substantial costs that may result, appointment of an expert should be used sparingly"). The "most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Reynolds v. Goord*, No. 98 Civ. 6722, 2000 WL 825690 at *2 (S.D.N.Y. June 26, 2000).

Plaintiff moves for an expert to "interview young members of UFD and to issue a report" and to "counter any 'professional judgment' argument that Defendants [raise] that housing young UFD members along with older members poses some kind of risk or concern." Dkt. No. 32; Dkt. No. 40 at 7. Plaintiff has not identified the type of expert witness sought. At this preliminary stage, Plaintiff's request (Dkt. No. 32) is denied.

## VII. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Because Defendants have answered the Complaint, Plaintiff renews his motion for preliminary injunctive relief. Dkt. No. 33. Plaintiff seeks an Order allowing him to promote, and form a prison chapter of the UFD. *Id*.

The law related to motions for preliminary injunctive relief was discussed in the July Order and will not be restated herein. Dkt. No. 12 at 23-26. In the July Order, the Court denied Plaintiff's motion for injunctive relief as it pertained to the right to promote and organize the UFD finding that Plaintiff failed to submit proof of a likelihood of succeeding on the merits of the claim or evidence establishing sufficiently serious questions going to the

13

merits of his claim. *See id.* at 26.

In his renewed motion, Plaintiff asserts that "defendants refusal to recognize and approve prison chapters of UFD hinders his ability to organize, motivate, inspire, and educate young prisoners[.]" Dkt. No. 33 at 3. Without the Order, Plaintiff asserts that he will be in violation of Prison Rule 105.14 and "face 9 months in solitary confinement."[4] *Id.*; Dkt. No. 40 at 5. In the July Order, the Court addressed this argument and held, "Plaintiff's fear that he 'faces' solitary confinement is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted." Dkt. No. 12 at 25.

Plaintiff's second motion for preliminary injunctive relief suffers from the same infirmities as his prior motion. Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons and for the reasons set forth in the July Order, Plaintiff's second motion for preliminary injunctive relief is denied.

---

[4] Rule 105.14 provides:

> An inmate shall not engage in or encourage others to I, II, engage in unauthorized organizational activities or III meetings, or possess printed or handwritten material relating to an unauthorized organization where such material advocates either expressly or by clear implication, violence based upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against department employees or that could facilitate organizational activity within the institution by an unauthorized organization.

N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2

14

## VIII. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint (Dkt. No. 37) is **DENIED as moot**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 37-1) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall create a separate docket entry for the Amended Complaint and amend the docket to include Melecio and Reynold as defendants herein; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) First Amendment Free Exercise and RLUIPA claims related to Plaintiff's religious freedom; (2) First Amendment claims related to the right to petition; (3) First Amendment retaliation claims; (4) claims related to the "unwritten" social media ban; and (5) claims against Melecio; it is further

**ORDERED** that Plaintiff's First Amendment freedom of association claims against Annucci, Miller, McKoy, and Barringer survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that Melecio and Reynold are **DISMISSED** as defendants herein; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the remaining defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is

further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that Plaintiff's motion for counsel (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to reconsider the August Order (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for depositions and for the appointment of an expert (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 33) is **DENIED**; and it is further

16

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: December 5, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge